IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RIGOBERTO SANCHEZ HUARACHA,<br><br>Petitioner,<br><br>v.<br><br>JASON KENNEDY, et. al.,<br>Respondents. | Civil No. 26-1129 |

**MEMORANDUM OPINION**

Pending before the Court is a pro se Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 1) filed by Rigoberto Sanchez Huaracha ("Huaracha" or "Petitioner")[1], a citizen of Mexico. Petitioner also filed a Request for Judicial Notice (ECF No. 2) with numerous exhibits, which the court reviewed. Respondents filed a response in opposition to the petition (ECF No. 6) and it is ripe for decision.

On June 2, 2026, an immigration judge granted Huaracha's request for Cancellation of Removal and stated: "DHS should consider this decision when evaluating whether [Huaracha] will or should remain in custody/detained." (ECF No. 2-2 at 7). The gravamen of Huaracha's argument is that Cancellation of Removal constitutes a "material change" in his circumstances

---

[1] As an initial matter, Huaracha's conclusory request to proceed anonymously (ECF No. 1 at 5 n.2) will be denied because the court agrees with the reasons set forth in the government's response. *See Doe v. Megless*, 654 F.3d 404, 408-09 (3d Cir. 2011) (identifying factors to determine if a litigant's reasonable fear of severe harm outweighs the public's interest in open judicial proceedings).

such that his continued detention violates his constitutional and statutory rights.  *See, e.g.* Petition ¶¶ 80-81.

Respondents argue that Huaracha is subject to mandatory detention under the Laken Riley Act because he was convicted of theft and contend that his continued detention is lawful. Respondents report that they timely appealed the decision granting Cancellation of Removal (ECF No. 6-8).

The Laken Riley Act mandated that immigration authorities detain aliens, like Petitioner, who are inadmissible or removable from the United States and who have engaged in certain criminal activity. *See* Laken Riley Act, Pub. L. No. 119- 1 § 2, 139 Stat. 3, 3 (2025).  The Immigration and Naturalization Act ("INA") now provides, in relevant part:

> The Attorney General shall take into custody any alien who—
> . . .
>
> (ii) is charged with, is arrested for, is **convicted of**, admits having committed, or admits committing acts which constitute the essential elements of **any** burglary, **theft**, larceny, shoplifting, or assault of a law enforcement officer offense, or any crime that results in death or serious bodily injury to another person.
>
> . . .
>
> (2) Definition
>
> For purposes of paragraph (1)(E), the terms "burglary", "**theft**", "larceny", "shoplifting", "assault of a law enforcement officer", and "serious bodily injury" have the meanings given such terms in the jurisdiction in which the acts occurred.

8 U.S.C. § 1126(c)(1)(E)(ii) (emphasis added).

In this case, it appears undisputed that Huaracha was convicted of theft under Florida law (ECF No. 6-4).  Huaracha argues only that his "criminal history is limited to low-level, non-violent offenses."  (ECF No. 1 at 24).  That argument is not persuasive because the statute mandates detention for persons convicted of "any . . . theft" offense as defined under the jurisdiction in which the act occurred.

Section 1226(c) does not limit the length of the detention it authorizes during removal proceedings. *See Jennings v. Rodriquez*, 583 U.S. 281, 303 (2018). The Supreme Court held § 1226(c) is not facially unconstitutional. *Demore v. Kim*, 538 U.S. 510, 531 (2003). Immigrants detained under § 1226(c) may, however, bring as-applied challenges to the constitutionality of their detentions. *German Santos v. Warden Pike Cnty. Corr. Facility*, 965 F.3d 203 (3d Cir. 2020) (stating,"[w]hen detention becomes unreasonable, the Due Process Clause demands a hearing." *Id*. at 210 (cleaned up)). There is a non-exhaustive list of four factors to consider in assessing whether detention has grown unreasonable: 1) duration of detention; 2) whether the detention is likely to continue; 3) the reasons for the delay; and 4) whether the conditions of confinement are meaningfully different from criminal confinement. *Id.* at 211 (citations omitted).

Applying those factors to the circumstances of this case, the court concludes that Petitioner's detention pursuant to § 1226(c) without bond has not become unreasonable at this time and does not violate due process at this time. He has been in immigration detention for slightly over one month since the decision cancelling removal.[2] Respondents timely appealed that decision and there is no evidence, on this record, that the immigration proceedings will not move forward at a normal rate or will be unduly prolonged. The primary reason for continued detention is Huaracha's theft conviction and the impact of the Laken Riley Act. Petitioner's ongoing detention serves the purpose for which that statute was enacted as it prevents him from engaging in further criminal activity. Petitioner did not argue that the current conditions of confinement at MVPC are unduly punitive or otherwise quasi-criminal in nature.

Huaracha has the ability to seek release from detention. The Cancellation of Removal order stated that "DHS" (not this court) should consider whether Petitioner should continue to be

---

[2] Even consider Huaracha's total time in detention, since December 17, 2025, the court concludes that it is not unduly prolonged.

detained.  That decision is within the discretion of respondents.  Federal courts "lack jurisdiction to review any discretionary determinations underlying the [immigration judge's] bond decision," and may only "review whether the bond hearing was fundamentally unfair" such that it violates the detainee's due process rights. *Ghanem v. Warden Essex Cnty. Corr. Facility*, No. 21-1908, 2022 WL 574624, at *2 (3d Cir. Feb. 25, 2022); *see also Quinteros v. Warden Pike Cnty. Corr. Facility*, 784 F. App'x 75, 78 (3d Cir. 2019) ("Because we lack jurisdiction to review any discretionary determinations underlying the [immigration judge's] bond decision, we are limited to reviewing only those of [Appellant's] challenges that pertain to the adequacy of process he received at his bond hearing.").

Conclusion

For the reasons set forth above, Petitioner's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 1) will be DENIED without prejudice.

An appropriate order will be entered.

Dated: July 15, 2026

BY THE COURT:

/s/ Joy Flowers Conti
Joy Flowers Conti
Senior United States District Court Judge

- 4 -